**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Criminal Case No. 13-cr-00491-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MIKEAL GLENN STINE,

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND**
**GOVERNMENT'S MOTION TO CONTINUE TRIAL**

---

**A.  MOTION TO DISMISS**

The Court, upon review of Defendant Stine's Motion to Dismiss Pursuant to the Federal Speedy Trial Act, 18 U.S.C. § 3162 (Doc. # 199), has determined that both Defendant and the CM/ECF calculator are wrong with respect to the expiration of the Speedy Trial Clock in this case.

Pursuant to 18 U.S.C. § 3161(c)(1), "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

In this case, Defendant is correct that the 70-day Speedy Trial Clock began to run on February 25, 2014, when Defendant made his first appearance in court.  The Court had set the pretrial motions deadline for March 20, 2014, and the trial for April 28, 2014.  On March 20, 2014, 23 days into speedy trial, Defendant filed his Motion to Dismiss Indictment Because of Pre-Accusatory Delay (Doc. # 14), which tolled the running of the Speedy Trial Clock with 47 days left to go.  On that same day, Defendant also filed an Unnopposed Motion for Extension of Time to File Motions and/or Augment Motions (Doc. # 15) and an Unnopposed Motion to Exclude 90 Days from Speedy Trial Act and to Continue Trial (Doc. # 17).  The Court granted both #15 and #17 on March 25, 2014, finding that "[f]or the reasons set forth in Defendant's motions, the Court finds pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) that the ends of justice served by granting the motion, including the requested 90-day continuance of trial, outweigh the best interests of the public and the Defendant in a speedy trial."  This order, which was issued at the request of Defendant, resulted in an additional 90 days being added to the Speedy Trial Clock, which then stood at 47 days, for a total of 137 days.

The Court also directed counsel to call in no later than April 1, 2014, to reset the trial date in this matter.  Pursuant to this directive, the parties called in on March 28, 2014, and set this matter for trial on August 18, 2014 [143 days from March 28, 2014, and 112 days from the vacated trial date of April 28, 2014].

Five days later, on April 2, 2014, the Government filed an Unnopposed Motion for a Psychiatric or Psychological Examination (Doc. # 30), which the Court granted on April 4, 2014.  Contrary to Defendant's claim that it was this motion that tolled the

Speedy Trial Clock, as set forth above, the Speedy Trial Clock had been tolled, with 137 days left on it—the original 47 days plus the 90 days granted by the Court as a result of Defendant's request for an additional 90-day ends of justice continuance, since March 20, 2014, the date of the filing of Defendant's Motion to Dismiss Indictment (Doc. # 14). The granting of the Unopposed Motion for a Psychiatric or Psychological Examination did, however, precluded this Court from holding a hearing on or otherwise ruling on the Motion to Dismiss Indictment.

Although the Mental Health Evaluation ("MHE") of Defendant is dated August 15, 2014, this Court did not receive it until approximately October 1, 2014, after it made an inquiry as to the status of the MHE.  Upon receiving the MHE, the Court docketed the MHE under restriction.  (Doc. # 89.)

On October 29, 2014, Defendant filed a Motion to Suppress Statements (Doc. # 93) and a Supplemental Motion to Dismiss Indictment Because of Pre-accusatory Delay (Doc. # 92).  Defendant also filed a motion under restriction (Doc. # 94), which this Court granted in part and denied in part (Doc. # 96).  The MHE found Defendant Competent to Stand Trial, so this Court did not schedule a competency hearing. However, the parties had not called the Court to set the outstanding motions for hearing so, on December 23, 2014, the Court entered a Minute Order (Doc. # 106) directing Counsel to call chambers no later than January 9, 2015, to set a hearing on the motions.  On January 7, 2015, the parties called in, indicated that they would need two hours for this hearing, set the hearing for March 3, 2015.  (Doc. # 110.)

On March 3, 2015, a hearing on the outstanding motions was held, but the evidence presentation was not concluded.  The Government orally requested that the hearing be continued and Defendant did not object to that request, so the Court granted the oral motion and directed the parties to contact the Court to set a new hearing date.  On April 6, 2015, because the parties had failed to call the Court to reschedule the conclusion of the hearing, this Court issued a Text Order (Doc. # 141) directing the parties to contact chambers no later than April 10, 2015, to set a hearing date so that the hearing on the motions could be concluded.

The parties rescheduled the continuation of the motions hearing for April 27, 2015.  (Doc. # 147.)  On April 22, 2015, Defendant's Counsel filed an Unopposed Motion to Continue the April 27, 2014 motions hearing due to a conflict in his schedule.  The Court granted that motion and, at the request of the parties, rescheduled the hearing for May 11, 2014.  The hearing on the outstanding Motion to Dismiss Indictment and Motion to Suppress Statements was held and concluded on May 11, 2015, with the Court taking the motions under advisement.

On June 2, 2015, only 21 days after the conclusion of the hearing on the outstanding motions, this Court entered its Order denying both motions.  (Doc. # 183.)  The issuance of this Order resulted in a restart of the Speedy Trial Clock, which still had 137 days remaining on it.  As such, speedy trial in this matter does not expire until

October 19, 2015.[1]  Therefore, the Court denies Defendant's Motion to Dismiss

Pursuant to the Federal Speedy Trial Act, 18 U.S.C. § 3162.

## B.      MOTION TO CONTINUE TRIAL

Having denied Defendant's Motion to Dismiss, the Court turns its attention to the

Government's Amended Motion to Continue Trial and Request for Immediate Hearing.

(Doc. # 196.)  The Government contends that a continuance of Defendant's trial date is

warranted because Assistant United States Attorney Amy Padden seeks to invoke her

rights under the Crime Victim's Rights Act ("CVRA"), 18 U.S.C. § 3771, and attend and

participate in Defendant's trial.  Because Ms. Padden is scheduled to travel outside the

country from August 8, 2015 until August 21, 2015, the Government argues that the

Court must reset the trial to assure her appearance as an essential witness in accord

with 18 U.S.C. § 3161(h)(3)(A).  The Court does not agree.

A court must balance victims' rights under the CVRA against a defendant's right

to a speedy trial.  *See In re K.K.*, 756 F.3d 1169, 1169 (9th Cir. 2014).  The Sixth

Amendment to the United States Constitution guarantees the right of criminal

defendants to a "speedy and public trial."  Pursuant to the CVRA, a crime victim has the

right to a timely notice and to be reasonably heard at any public court proceeding.

18 U.S.C. § 3771 (a)(2), (4).  Congress included the term "reasonable" as a limitation on

---

[1] The Court also notes that Defendant, himself, contributed to the delay in this case by filing numerous *pro se* letters, motions, and notices, including an interlocutory appeal and several notices relating to a breakdown in communications with his attorney and that he wished to represent himself.  (*See* Doc. ## 179, 178, 176, 171, 167, 166, 165, 155, 153, 152, 151, 145, 137, 136, 133, 132, 131, 127, 121, 118, 111, 109, 105, 95, 77, 76, 22, 21, 20, 19.)

victims' rights.  *See United States v. Turner*, 367 F. Supp. 2d 319, 333 n.13 (E.D.N.Y.

2005).

    In balancing Ms. Padden's right to be heard against Defendant's right to a

speedy trial, the Court finds that Defendant's right trumps Ms. Padden's right for several

reasons.  First, based upon the legislative history of the CVRA, Congress did not

foresee a victim having vital interests at stake during a defendant's trial.  *See* S. Rep.

No. 108-191, at 22 (2003) (victims have vital interests at stake when a court decides

whether to accept a plea, during a bail hearing, during sentencing, when a parole board

is deciding whether to release a prisoner, and when the President or a governor is

deciding whether to grant executive clemency during a public proceeding).  If Ms.

Padden wishes to invoke her right to be heard, she may do so at sentencing if

Defendant is convicted.  Second, Ms. Padden asserts that the reason she is unable to

testify at Defendant's trial is because she is taking "a once-in-a-lifetime opportunity to

travel to Europe with over two dozen friends and family members."  A vacation does not

warrant a continuance of Defendant's trial.  Third, Ms. Padden is not considered to be

an "essential witness" under 18 U.S.C. § 3161(h)(3)(A) because she indicates that she

would testify that, after receiving threats from Defendant, she reported them to the

Department of Justice and the U.S. Marshals Service and that the Federal Bureau of

Investigation interviewed her.  (Doc. # 196-1 at 2, ¶ 5.)  *Cf. United States v. Allen*, 235

F.3d 482, 491 (10th Cir. 2000) (finding case agent to be an essential witness because

he was to testify both to defendant's intent to distribute crack-cocaine and to whether

defendant's weapon met the definition of a firearm).  Therefore, the Court denies the Government's Amended Motion to Continue Trial and Request for Immediate Hearing.

Based on the foregoing, the Court ORDERS that Defendant's Motion to Dismiss on Speedy Trial Pursuant to 18 U.S.C. § 3162 (Doc. # 199) and the Government's Amended Motion to Continue Trial and Request for Immediate Hearing (Doc. # 196) are DENIED.  It is

FURTHER ORDERED that the Government's Motion to Continue Trial and Request for Immediate Hearing (Doc. # 195) and Motion to Supplement to Amended Motion to Continue Trial and Request for Immediate Hearing (Doc. # 198) are DENIED. The parties are ordered to appear for jury selection tomorrow, August 6, 2015, at 8:00 a.m.

DATED: August 5, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge